UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Pate, #6387826, ) | C/A No. 8:07-1741-JFA-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| James Metts, Sheriff of Lexington County; and ) | |
| Robert M. Stevenson, III, Warden of Broad River ) | |
| Correctional Facility, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Larry Pate, brings this action pursuant to 42 U.S.C. § 1983. He alleges that he was illegally confined at the Lexington County Detention Center past his release date.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should dismiss the action for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on March 6, 2008. However, the plaintiff did not file any objections[2] to the Report within the time limits prescribed. In addition, the plaintiff did not respond to the defendants' motion for summary judgment[3] despite the court advising him, in two separate orders, of the importance to do so.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and incorporated herein by reference. Accordingly, this action is dismissed for failure to prosecute under Rule 41(b).

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

April 17, 2008
Columbia, South Carolina

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

[3] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff did not respond to the motion.